**JUDGE KATHLEEN CARDONE**



# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

Case No.:

CARMEN LAMPHERE,

    Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY,
ALEJANDRO N. MAYORKAS, in his official
Capacity,

    Defendant.

**VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

**EP23CV0383**

_____/

## NATURE OF ACTION AND JURISDICTION

Plaintiff, Carmen Lamphere ("Plaintiff" or "Lamphere"), files this complaint through her undersigned attorney, and sues the Defendant, U.S. Department of Homeland Security, Alejandro N. Mayorkas, in his official capacity ("Defendant" or "US Dept. HLS"), for violations of Rehabilitation Act of 1973 and amendments of the Act in 1992, and in support would state as follows:

1

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1337, and under Rehabilitation Act of 1973 and amendments of the Act in 1992.

## CONDITIONS PRECEDENT

2. All conditions precedent have been met, waived or otherwise excused. Plaintiff filed a timely complaint with the EEOC and received a right to sue letter followed by the timely initiation of this lawsuit.

## VENUE

3. Venue is proper in the United States District Court for the Western District of Texas, in that the Plaintiff was employed by the Defendant in El Paso, Texas, and all of the acts of the discrimination took place in this jurisdiction.

## PARTIES

4. Plaintiff was an employee with the Defendant for all times relevant in this subject matter complaint in El Paso, Texas.

5. Defendant is a federal agency operating as the

U.S. DEPARTMENT OF HOMELAND SECURITY, and at all times material, was engaged in business in this jurisdiction.

## IV.

## STATEMENT OF CLAIMS

6. Plaintiff has been discriminated against in ways that deprive and to tend to deprive her of equal employment opportunities.

7. Plaintiff was subjected to conduct by Defendant's management, more specifically with Port Director Ray Provencio, Assistant Port Director Steven Jameson, Mission Support Specialist Inez Rangel OPR Special Agent Jeffrey Bartlett Chief John Hawkins CBPO Delia Baca constituting a hostile environment of disability discrimination and retaliation, which, individually and together, adversely affected Plaintiff's status as an employee and her employment with Defendant. The Plaintiff also retaliated against due to her prior EEO matter with the Defendant.

8. Plaintiff's federally protected rights were also violated because she was also subjected to harassment and retaliation by her rights.

9. Plaintiff is a resident of this jurisdiction.

10. The Defendant and Assistant Port Director Steven Jameson were aware of her disability of Complex Regional Pain Syndrome, which was in her dominant side, but yet made her perform duties he knew she could not perform as a result of her disability.

14. The Defendant failed to accommodate Plaintiff of her disability, and place her in a position that would ease the pain of of her diagnosis, instead they offered her position of CBP Tech, job duties that did not offer any accommodation of her disability. The Plaintiff became aware CBP hiring center had a position of Import Specialist that was available and would accommodate her disability.

15. The Plaintiff was forced into retirement on September 2016. As a result, losing her salary, and leaving her tenured position without the benefits she would of received had she stayed employed with the Defendant.

16. The Defendant retaliated against Plaintiff as a result of her requests for accommodation, and in May 2016, the Defendant

accused Plaintiff of criminal activity, of medical fraud, and on June 1, removing the criminal aspect, but internally accusing her of medical fraud and refusing to sign off on her retirement.

17. The Plaintiff reputation was diminished after this fraudulent retaliatory accusations. The Plaintiff employment record remains tarnished and forever ruining her reputation.

18. The Defendant continued the hostile work environment by scrutinizing her work on a daily basis, treating her differently than other employees, and doing this so the Plaintiff would be forced into retirement.

19. The continued hostile environment and retaliation issues affecting her health, and having caused the Plaintiff to place her resignation effective September 2016.

20. After her retirement, through discovery of her prior EEO Leading to her current EEO complaint, and instant case, the Plaintiff learned Defendant through deposition that around September 2016 OPR SA Jeffrey Bartlett interviewed witness Barbara Helinski that was in the ATV picture. After he learned that complainant didn't commit medical fraud, didn't shoot the rifle or rode the ATV, he got rid of any evidence of this interview, which is

illegal in an Internal affairs investigation, which he admitted during deposition.

21. The Plaintiff learned through discovery that around November 2nd, 2016 PD Ray Provencio closed without prejudice the OPR Report of investigation despite no medical fraud found in the investigation, and stated that if complainant had not retired the previous month it would have warranted complete disciplinary action at minimum.

22. The complainant learned via EEO discovery documents that Mission Support Inez Rangel had unlawfully disclosed her medical information by providing copies to the Assistant Port Director Jameson, to the PD Ray Provencio, to Chief John Hawkins and to OPR SA Bartlett. MSS Inez Rangel told the complainant via e-mail in 2016 that she only

shares the 5C OWCP form with management and no further medical information. This Caused undue stress to Plaintiff.

23. The Plaintiff complainant learned via EEO discovery documents that the Agency had improperly maintained her medical documentation in a file at the port of Santa Teresa that contains other personnel documents.

## COUNT I

## RETALIATION IN VIOLATION OF THE REHABILITATION ACT OF 1973 AND AMENDMENTS OF THE ACT IN 1992
[Disability Discrimination]

24. Plaintiff adopts and realizes paragraphs <u>1-23</u> above as if <u>Incorporated herein</u>.

25. Plaintiff engaged in protected activities in the form of her complaints with Management, Supervisors, and Human resources.

26. Defendant took adverse employment action against Plaintiff as described above Paragraphs because of her complaints of disparate treatment and took measures of retaliation as described above.

27. Defendant's adverse action against Plaintiff was in violation Rehabilitation Act due to her disability as described in above paragraphs.

28. Defendant's adverse employment action was intentional, and with malice or reckless indifference to the federally protected

rights of Plaintiff.

29. As a direct and proximate result of Defendant's unlawful employment practices and in violation, Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, position and/or front pay equivalent position, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II

## RETALIATION IN VIOLATION OF THE REHABILITATION ACT OF 1973 AND AMENDMENTS OF THE ACT IN 1992
### [Constructive Termination]

30. Plaintiff adopts and realizes paragraphs 1-23 above as if Incorporated herein.

31. That the Defendants continued retaliation against the Plaintiff as described in the paragraphs above has led to the Plaintiff resigning effective September 2016 due to the ongoing hostile environment and disparate treatment, and this resignation was constructive termination .

32. Defendant took adverse employment action against Plaintiff as described above Paragraphs because of her complaints of disparate treatment of and took measures of retaliation as described above that led to her resignation.

33. Defendant's adverse action against Plaintiff was in violation of Act.

34. Defendant's adverse employment action was intentional, and with malice or reckless indifference to the federally protected

rights of Plaintiff.

35. As a direct and proximate result of Defendant's unlawful employment practices and in violation, Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, position and/or front pay equivalent position, attorney's fees and costs, together with such other relief as this Court deems just and proper.

Dated October 10, 2023

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), the Plaintiff hereby demands a trial by jury on all issues triable of rights by a jury.

Respectfully submitted,

DISCRIMINATION LAW CENTER, P.A.
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
(561) 271-1769 tel.

By: /s/ Jay F. Romano
Jay F. Romano
Trial Attorney
Florida Bar No.: 0934097

## VERIFICATION CLAUSE

I <u>CARMEN LAMPHERE</u> ON THIS __11th__ DAY OF October, 2023, STATE. THAT THE ALLEGATIONS ARE TRUE AND CORRECT IN THE FILED COMPLAINT FILED IN THIS ACTION

*CARMEN LAMPHERE*
CARMEN LAMPHERE-print

CARMEN LAMPHERE-sign